1  **KYM SAMUEL CUSHING**
   Nevada Bar No.: 4242
2  **KELLY M. SMITH**
   Nevada Bar No.: 9192
3  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
   300 South Fourth Street, 11th Floor
4  Las Vegas, Nevada 89101
   (702) 727-1400; FAX (702) 727-1401
5  Kym.Cushing@wilsonelser.com
   Kelly.Smith@wilsonelser.com
6  *Attorneys for Defendant*
   *Costco Wholesale Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM PRICE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Nevada foreign company; DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

    Defendant, COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO,") by and through their counsel of record, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, submit this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In support of this Notice of Removal, COSTCO states as follows:

    1.    On June 24, 2014, plaintiff WILLIAM PRICE (hereinafter "plaintiff") filed an action titled *WILLIAM PRICE, an individual, v. COSTCO WHOLESALE CORPORATION, a Nevada foreign company; DOES 1-X, and ROE CORPORATIONS I-X, inclusive, Defendants,* in the Eighth Judicial District Court of Clark County Nevada, Case No. A-14-702929-C, assigned to Department VI. Plaintiff did not serve the original complaint on COSTCO; instead, plaintiff filed an amended complaint on July 9, 2014 ("State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true

672338v.1

and correct copy of the summons served upon COSTCO WHOLESALE CORPORATION is attached hereto as **Exhibit A**, and a copy of the Amended Complaint is attached hereto as **Exhibit B**.

2. COSTCO WHOLESALE CORPORATION is a foreign corporation domesticated in the State of Washington.

3. Plaintiff served COSTCO with a copy of the summons and amended complaint on July 14, 2014. A true and correct copy of the Affidavit of Service filed in the State Court Action is attached hereto as **Exhibit C**.

4. There are no matters pending in the State Court Action that require resolution by this court.

5. Because this is a civil action between citizens of different states involving an amount in controversy in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs, removal of this matter is proper as per 28 U.S.C. § 1332.

6. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

7. Pursuant to 28 U.S.C. § 1446(d), COSTCO has contemporaneously filed a copy of this Notice of Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and has provided a written notice to plaintiff by serving a copy of the instant Notice of Removal on counsel for plaintiff.

### DIVERSITY OF CITIZENSHIP

8. Plaintiff is a resident of Clark County, State of Nevada. *See*, 28 U.S.C. § 1332(c).

9. COSTCO is a Washington corporation; thus, COSTCO is a citizen of the State of Washington for purposes of determining this court's subject matter jurisdiction. *See*, 28 U.S.C. § 1332(c).

10. Complete diversity of citizenship existed between plaintiff and COSTCO at the time plaintiff filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

672338v.1

## AMOUNT IN CONTROVERSY

11. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

12. Plaintiff alleges that on May 26, 2013, he was an invitee and/or guest of the COSTCO location at 801 South Pavilion Drive, Las Vegas, Nevada, 89144. On this date, plaintiff claims he received injuries after slipping and falling on spilled fruit that was on the floor within the produce section. (*See,* **Exhibit B**, p.3:1-3).

13. The ad damnum clause within plaintiff's State Court Action is consistent with Rule 8(a) of the Nevada Rules of Civil Procedure ("NRCP") where he seeks monetary damages "in excess of $10,000.00." (*See,* **Exhibit B**, pp. 4:19-20, 5:4). As per NRCP 8(a), "[w]here a claimant seeks damages of more than $10,000.00, the demand shall be for damages 'in excess of $10,000.00' without further specification of amount."

14. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. Where, as here, a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Lowdermilk v. United States Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir., 2007); *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir., 2006).

15. To satisfy the preponderance of evidence test, a defendant must provide evidence that "it is more likely than not" the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996.) The court may look beyond the complaint to determine whether the amount in controversy is met. *Abrego, supra,* at 690.

16. A review of plaintiff's State Court Action demonstrates that plaintiff "more likely than not" seeks more than $75,000, exclusive of interest and costs. Specifically, and on information and belief, plaintiff alleges he sustained injuries "to his left shoulder, left elbow, and left hip." (**Exhibit B**, p.4:4-5.) Plaintiff alleges that he has incurred medical expenses, and continues to experience "pain, suffering, mental anguish and a loss of enjoyment of life." *Id.* at 4:9-18.

672338v.1

17. On information and belief, plaintiff previously sought from COSTCO, damages in excess of $65,000.00. This amount did not include an amount for "loss of enjoyment of life," as alleged in the amended complaint, nor did the amount include plaintiff's attorney's fees or costs of suit. Plaintiff also seeks medical and incidental expenses to be incurred, thereby seeking future damages. *Id.* at 5:5-6. When including these additional alleged damages, it is more likely than not that plaintiff is seeking damages in excess of $75,000.

18. Based on the foregoing, COSTCO has met its burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

19. This Notice of Removal is timely as it is being filed within thirty (30) days after the July 14, 2014, service of plaintiff's amended complaint, which represented the first occasion from which it could be ascertained that this action "[was] one or [had] become one which [is] removable...." *See,* **Exhibit C**; *see also,* 28 U.S.C. § 1446(b)(2); *see also, Harris v. Bankers Life and Casualty Co.*, 425 F.3d 869 (9th Cir 2005).

20. In sum, because there is complete diversity of citizenship between plaintiff and COSTCO, and because plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold, COSTCO may remove this action pursuant to 28 U.S.C. § 1332 and 1441(b).

DATED this 4th day of August, 2014.

        **WILSON, ELSER, MOSKOWITZ,**
        **EDELMAN & DICKER LLP**

        BY:    */s/ Kym Samuel Cushing*
        **KYM SAMUEL CUSHING**
        Nevada Bar No.: 4242
        **KELLY M. SMITH**
        Nevada Bar No.: 9192
        300 South Fourth Street, 11th Floor
        Las Vegas, NV 89101
        (702) 727-1400; Fax: (702) 727-1401
        *Attorneys for Defendant*
        *Costco Wholesale Corporation*

672338v.1

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP and that on this 4th day of August, 2014, I did cause a true copy of **NOTICE OF REMOVAL** to be electronically transmitted to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Martin I. Melendrez, Esq.
Johnathon Fayeghi, Esq.
**Hawkins Melendrez, P.C.**
9555 Hillwood Drive, Suite 150
Las Vegas, NV 89134
702.318.8800; FAX 702.318.8801
Attorney for Plaintiff

_____
An Employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

672338v.1